UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ANISE MATZKE
1111 Anderson Drive, Unit 7
Green Bay, Wisconsin 54304

   Plaintiff,          Case No.: 19-cv-295

 v.               **JURY TRIAL DEMANDED**

HOWARD CHIROPRACTIC CLINIC, S.C.
721 Cardinal Lane, Suite 100
Green Bay, Wisconsin 54313

   Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Anise Matzke, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Eastern District of Wisconsin, Defendant resides and operates its businesses

in the Eastern District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Anise Matzke, is an adult female resident of the State of Wisconsin with a post office address of 1111 Anderson Drive, Unit 7, Green Bay, Wisconsin 54304.

5. Defendant, Howard Chiropractic Clinic, S.C., was, at all material times herein, a commercial entity with a principal address of 721 Cardinal Lane, Suite 100, Green Bay, Wisconsin 54313.

6. Defendant is a chiropractic clinic that is owned, operated, and managed by Dennis J. King.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. On or about June 7, 2018, Defendant hired Plaintiff into an administrative support position.

14. During Plaintiff's employment with Defendant, Defendant eventually promoted Plaintiff into the position of Chiropractic Technician.

15. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant, with Defendant's knowledge, and/or at the direction of Defendant in the positions of administrative support and Chiropractic Technician.

16. During Plaintiff's employment with Defendant, Plaintiff reported directly to Vanessa Sanchez, Office Manager, and Dennis King, Owner.

17. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff with an hourly rate of pay of $10.50 per hour.

18. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

19. During the entirety of Plaintiff's employment with Defendant, Defendant did not have an established workweek for FLSA and WWPCL purposes.

20. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-monthly basis (e.g. on the first and the fifteenth days of each month) via check.

21. During Plaintiff's employment with Defendant, Plaintiff occasionally worked in excess of forty (40) hours per workweek.

22. On or about January 4, 2019, Plaintiff provided Defendant with her notice of resignation.

23. On or about January 9, 2019 was Plaintiff's last day of actual work at Defendant.

24. During Plaintiff's employment with Defendant, Plaintiff recorded her actual hours worked via handwritten timesheets, which she submitted and provided to Defendant for compensation approximately bi-monthly in accordance with Defendant's policies and practices.

25. During Plaintiff's employment with Defendant and despite Plaintiff maintaining a written record of actual hours worked via her handwritten timesheets, Defendant did not compensate Plaintiff in accordance with her written record of actual hours worked via her handwritten timesheets (hereinafter simply Defendant's "time shaving"). For example, between November 1, 2018 and November 15, 2018, Plaintiff performed a total of sixty-nine (69) hours and fifty-five (55) minutes' worth of work at Defendant, and recorded same on her handwritten timesheet that she submitted and provided to Defendant for compensation. Despite this, and as a result of impermissible and unlawful time shaving, Defendant compensated Plaintiff for only "69:33" hours' worth of work for the time period of November 1, 2018 and November 15, 2018.

26. During Plaintiff's employment with Defendant and in multiple compensation time periods, Defendant engaged in impermissible and unlawful time shaving of Plaintiff's actual hours worked for its benefit and to the detriment of Plaintiff.

27. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant did not compensate Plaintiff for any hours worked or work performed on its behalf, with its knowledge, and/or at its direction.

28. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant did not compensate Plaintiff with at least a minimum wage of $7.25 per hour for any and all hours worked or work performed, in violation of the FLSA and WWPCL.

29. During Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff for all work performed on behalf of it, with its knowledge, and/or at its direction.

30. During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek as a result of its impermissible and unlawful time shaving, in violation of the FLSA and WWPCL

31. During Plaintiff's employment with Defendant and in workweeks when Plaintiff did not work in excess of forty (40) hours in a workweek, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her at her regular rate of pay for all hours as a result of its impermissible and unlawful time shaving, in violation of the WWPCL.

32. Defendant knew or should have known that, in accordance with the FLSA and the WWPCL, it must compensate Plaintiff at an overtime rate of pay for all hours worked and work performed during workweeks when she worked in excess of forty (40) hours.

33. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating her with at least a minimum wage of $7.25 per hour for any hours worked, in violation of the FLSA and WWPCL.

34. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant did not compensate Plaintiff with her previously agreed-upon hourly rate of pay, $10.50 per hour, for any and all hours worked or work performed, in violation of the WWPCL.

35. Defendant knew or should have known that, in accordance with the FLSA and the WWPCL, it must compensate Plaintiff for all hours worked and work performed during workweeks when she performed compensable work with at least a minimum wage and/or at her agreed-upon rate of pay.

36. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

### FIRST CAUSE OF ACTION – FLSA VIOLATIONS
### (TIME SHAVING – OVERTIME PAY)

37. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

38. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

39. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

40. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek as a result of its impermissible and unlawful time shaving.

41. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at an overtime rate of pay was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover

an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum and overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

43. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

44. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CAUSE OF ACTION – FLSA VIOLATIONS (MINIMUM WAGE)**

45. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

46. Section 206(a)(1) of the FLSA regulates, among other things, the payment of an minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

47. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

48. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant intentionally violated the FLSA by not compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

49. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant's failure to properly and legally compensate Plaintiff for any and all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

50. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wage compensation has been unlawfully withheld from Plaintiff by Defendant in accordance with the FLSA.

51. Plaintiff is entitled to damages equal to the mandated minimum wage within the three (3) years preceding the date of filing of the Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

52. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### THIRD CAUSES OF ACTION – WWPCL VIOLATIONS
### (TIME SHAVING, MINIMUM WAGE, AND
### FAILURE TO PAY AN AGREED-UPON WAGE)

53. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

54. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

55. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

56. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

57. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at a minimum wage.

58. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with her agreed-upon hourly rate of pay for each hour worked in a workweek as a result of its impermissible and unlawful time shaving.

59. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant failed to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for each hour worked.

60. During Plaintiff's employment with Defendant from approximately mid-December 2018 to on or about January 9, 2019, Defendant failed to compensate Plaintiff for all hours worked and work performed at her normal and previously agreed-upon hourly rate of pay of $10.50 per hour.

61. During Plaintiff's employment with Defendant, Plaintiff was entitled to payments from Defendant at her agreed-upon wage, as defined in Wis. Stat. § 109.01(3), for all hours worked and work performed.

62. Defendant willfully violated the WWPCL by failing to compensate Plaintiff for any and all hours worked during her employment with it.

63. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

64. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid wages (including but not limited to minimum wages, agreed-upon wages, and overtime wages), pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 26th day of February, 2019

                WALCHESKE & LUZI, LLC
                Counsel for Plaintiff

                **s/ *Scott S. Luzi***
                Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
Email: sluzi@walcheskeluzi.com