UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ANISE MATZKE, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

HOWARD CHIROPRACTIC CLINIC, S.C.,

    Defendant.

Case No. 19-CV-295

---

# JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE

The parties, by their undersigned counsel, hereby respectfully request that the Court: (A) approve their Settlement and Release Agreement ("Settlement Agreement"); and (B) upon approval of the Settlement Agreement, dismiss the above-captioned lawsuit ("Lawsuit"), with prejudice, including, without limitation, Defendant's counterclaims, and without further costs to any party pursuant to Fed. R. Civ. P. 41. In support of this joint motion, the parties state as follows:

1.    On February 26, 2019, Plaintiff filed the Lawsuit against the Company under the Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws in the United States District Court for the Eastern District of Wisconsin, captioned as Case No. 19-CV-295 (the "Lawsuit").

2.    On April 22, 2019, Plaintiff amended the Lawsuit to pursue some of her claims as a putative collective and class action under the FLSA and Wisconsin wage and hour laws. No FLSA collective or Rule 23 class was ever certified in the Lawsuit.

20969094.1

3. On April 25, 2019, the Company filed counterclaims against Matzke under Wisconsin contract law.

4. Plaintiff and Defendant have now reached a settlement of the Lawsuit. As no collective or class was ever certified, the settlement only addresses Plaintiff's claims against Defendant and Defendant's counterclaims against Plaintiff.

5. Pursuant to the parties' settlement, in exchange for a monetary payment and dismissal of Defendant's counterclaims, the Plaintiff is required to dismiss the Lawsuit with prejudice and without costs to any party. A copy of the parties' Settlement Agreement is being filed as **Exhibit A** to this motion, and is subject to the parties' Joint Motion for Leave to File under Seal Exhibit A to the Parties' Joint Motion for Court Approval of Settlement.

6. Some authority requires that for the private settlement of Plaintiff's FLSA claim to be enforceable, the Settlement Agreement must be approved by the Department of Labor or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, Case No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015); *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) ("[s]tipulated settlements in a FLSA case must be approved by the Court....").

7. When reviewing the fairness of a settlement under the FLSA, the Court "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder*, 750 F. Supp. 2d at 995. An agreement that "is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel ... and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after

protracted and expensive litigation" is normally approved.  *Id.* (internal quotation and citation omitted).

8. Because the parties believe they have reached a fair and reasonable resolution of disputed factual and legal issues, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the Lawsuit with prejudice and without costs to any party.

9. In the Lawsuit, Plaintiff alleges that Defendant violated the FLSA and Wisconsin law by: shaving Plaintiff's reported time; failing to compensate Plaintiff for working lunch breaks; and failing to pay Plaintiff's final paycheck.

10. Defendant denies the allegations in the Lawsuit and denies any liability to Plaintiff under the FLSA or Wisconsin wage and hour laws.  Defendant asserts that Plaintiff was paid, including applicable overtime, for all work performed.  Defendant further asserts that any minor inconsistencies between Plaintiff's recorded time and compensated time resulted from accounting errors that variably caused both underpayment and overpayment of wages to Plaintiff, and that such errors were not the product of an unlawful time shaving policy or practice.

11. There are numerous material factual and legal disputes between the parties, including: (A) whether Plaintiff was fully compensated for a few days of work in January 2019; (B) whether Plaintiff took any lunch breaks of less than 30 minutes in duration without being compensated; (C) whether Defendant failed to accurately pay Plaintiff for all time reported on her time cards and, if yes, whether such time was de minimis; and (D) whether Plaintiff is contractually obligated to reimburse Defendant for educational expenses paid on Plaintiff's behalf in the year prior to her resignation.

12. The parties have been engaged in negotiations to settle Plaintiff's claims and Defendant's counterclaims since April 2019. Such negotiations included telephone calls and multiple e-mail exchanges setting forth the parties' respective factual positions, legal arguments, and settlement offers. At all times, the parties were represented by counsel and the negotiations were arms-length.

13. As a result of their negotiations, the parties reached a settlement of Plaintiff's claims and Defendant's counterclaims, which they believe represents a fair resolution in light of counsels' analysis of the evidence and the merits of the parties' claims and defenses. Significantly, the settlement compensates Plaintiff, including back pay and liquidated damages, for all claimed damages.

14. The parties stipulate that the Lawsuit be dismissed with prejudice and without costs to any party.

WHEREFORE, for all the foregoing reasons, Plaintiff and Defendant jointly request that the Court enter an Order approving the Settlement Agreement and dismissing this Lawsuit with prejudice and without costs to any party pursuant to Fed. R. Civ. P. 41.

Dated this 29th day of July, 2019.

                                          WALCHESKE & LUZI, LLC

                                        By: *s/ Matthew J. Tobin*
                                             Scott S. Luzi
                                             State Bar No. 1067405
                                             Matthew J. Tobin
                                             State Bar No. 1097545

                                        Attorneys for Plaintiff

<u>ADDRESS</u>:
15850 West Bluemound Road, Suite 304
Brookfield, WI 53005
Phone: 262-780-1953
Fax: 262-565-6469
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com


Dated this 29th day of July, 2019.

                                        GODFREY & KAHN, S.C.


                                        By: *s/ Annie L. Eiden*
                                             Annie L. Eiden
                                             State Bar No. 1070855

                                        Attorneys for Defendant

<u>P.O. ADDRESS</u>:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
aeiden@gklaw.com